# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-20-M

**CONNIE MARSHALL**                                                                   **PLAINTIFF**

v.

**CHARLES R. SIMPSOM III** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against four federal district court judges in their official and individual capacities: Charles R. Simpson III, John G. Heyburn II, Jennifer Coffman, and Thomas Russell. Marshall alleges that Defendants have participated in the following violations of law:

      1)     Participating in and/or willfully allowing Gang Stalking of Ms. Marshall, minorities and despaired individuals who have filed cases against them for violating their Oath of Office or who have filed cases against officials and companies whom they have allowed to void lawful practices (inclusive of criminal abuse and gross violation of the use of NSL letters).

      2)     Participating in Conspiracy practices, Intentional Bias, Prejudice, Racism, Violation of Civil Rights, Violation of Civil Liberties, Defamation Libel, Abuse of Power and Obstruction of Justice (including dismissing cases without discovery), and Malice (including participating in fraudulent claims against Ms. Marshall, minorities, and despaired individuals and signing unlawful orders based on fraud).

      3)     Violation of Civil Rights, Human rights, Civil Liberties, Color of Law.

      4)     Illegally Denying Low Income and No Income Litigants access to the courts, Forma Pauperis, Protective Orders, or Attorney Representation.

      5)     Allowing Orders to be signed by Clerks and allowing Clerks to refuse to release the names of the Judges that made the decision regarding the Orders, even when Plaintiff's intent was to file a complaint with the Judicial Counsel.

      6)     A complaint of Judicial Misconduct was filed by the Plaintiff, Ms.

Marshall against Judge Simpson (see Complaint No. 05-6-351-37).

> 7) Willful and Malicious Abuse of Power by Attacking and Defaming the Plaintiffs regarding cases involving electromagnetic technology, when apparently they are not knowledgeable/educated in this field or they have chosen to respond as if they are not. If this is the case they should not dismiss the cases, but the cases should go forward and a specialist in this field should be called in to testify, this is the reason for discovery.
>
> 8) Ms. Marshall states that there is a conflict of interest, due to the fact that all four (4) judges were Defendants in a Class Action Lawsuit, in which the Plaintiffs were told that we did not have to serve the Judges and that the court would serve them because they were all judges. However, when we did not serve them the case was dismissed stating that we did not serve the judges. Though Ms. Marshall has filed sufficient evidence regarding the Conspiracy against her, Judge Heyburn and Judge Simpson have maliciously Denied Ms. Marshall's Motions for Restraining Order/Motion for Protective Order/Injunctive Relief, Motions for Pauper Status and Motions for Court Appointed Attorney, and/or Dismissed the case as frivolous without any discovery in every case that she filed . . .
>
> 9) Ms. Marshall states that it is evident that the Criminal Acts and Conspiracy are being instigated and coming from a higher level . . .

Marshall attaches as exhibits to her complaint the following--a spreadsheet chronicling her prior lawsuits in this district, a prior lawsuit that she and other *pro se* plaintiffs filed against several federal judges that has subsequently been dismissed, and a print out from Fifth Third Bank.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the Court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Official-Capacity Claims**

Because Marshall asserts a violation of her civil rights and is suing federal officials, the Court construes her claim to be under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971). A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Id.* "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claim against Defendants.

**Individual-Capacity Claims**

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Immunity applies even when the judge is accused of acting maliciously and corruptly." *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). The United States Supreme Court has made clear that immunity is overcome in only two sets of circumstances: "[f]irst, a judge is not immune from liability for non judicial actions . . .; [s]econd, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireless*, 502 U.S. at 12.

All of Marshall's allegations against the Defendant judges in this case relate to actions they took as judicial officers of the court. Furthermore, Marshall has not shown that the

Defendant judges were without jurisdiction to act on her cases. Even if Marshall's allegations that the Defendants judges' actions were legally incorrect and done with malicious intent proved to be correct, she could not prevail as Defendants are absolutely immune from suit. Accordingly, by separate Order the Court will dismiss this action for failure to state a claim upon which relief may be granted.

Date:


cc: Plaintiff, *pro se*

4414.008